ROMEIKE v. ROMEIKE et al.

(Circuit Court of Appeals, Second Circuit. April 24, 1918. On Petition to Require the District Court to Allow Defendants' Application for Costs, June 5, 1918.)

No. 238.

1. TRADE-MARKS AND TRADE-NAMES ☞73(1)—UNFAIR COMPETITION.

A man has the right to use his own name in his own business, unless there is proof of fraud or of positive confusion; and hence, where it did not appear that there was any fraud, etc., an incorporated clipping bureau, doing business under the name of Henry Romeike, is not entitled to have defendants, one of whom was named Romeike, and the other Ruebe, enjoined from conducting a clipping bureau under the name of Romeike & Ruebe.

On Petition to Require the District Court to Allow Defendants' Application for Costs.

2. APPEAL AND ERROR ☞1207—ALLOWANCE—DISCRETION OF TRIAL COURT.

When the decree of the trial court in an equity case is reversed or modified on appeal, with costs, the costs of the appellate court are meant, unless the mandate otherwise provides; and, the trial court having a discretion as to costs in such cases, the application of the successful party for costs after the mandate has gone down must be addressed to the trial court.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Henry Romeike against Albert F. Romeike and another. From decree for complainant, defendants appeal. Reversed.

Henry Schoenherr, of New York City, for appellants.

H. D. Nims, of New York City (Clinton Combes, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WARD, Circuit Judge. This is an appeal from a final decree of the District Court of the United States for the Southern District of New York, enjoining Albert Romeike and Albert Ruebe, co-partners, from using the firm name of Romeike & Ruebe, but permitting them to use the name Ruebe & Romeike.

The proofs make it clear that the late Henry Romeike' established in this city in the year 1884 a newspaper clipping business; that is, selling clippings taken from newspapers and magazines published in this and foreign countries. In 1902 he incorporated the business under the name Henry Romeike, owning himself the entire capital stock. This corporation has continued down to the present time with a well-known and high reputation. The defendants, his brother Albert Romeike and one Albert Ruebe, were associated with Henry Romeike in the business for many years. Henry Romeike died June 3, 1903, and the business of the corporation was continued until May, 1916, by Dr. McKernan, Albert Romeike, and Ruebe, as trustees under his will. Ruebe was president of the corporation, Albert Romeike acted in a more subordinate capacity, and both were directors. Henry Romeike left a son Georges, who went into the complainant's employment in June, 1915, became of age February 9, 1916, and is now president of the corporation. In May, 1916, Albert Romeike and Albert Ruebe left the complainant's employment and established a newspaper clipping business, which they are carrying on under the firm name of Romeike & Ruebe.

It was perfectly natural and proper that the defendants, on leaving the complainant's service, should take up a business which they had followed for many years, and should take it up together. There was no evidence whatever of any fraud, imposition, or unfair dealing by them or of any actual confusion. They rested at the end of the complainant's case. The District Judge proceeded on the theory that there must be confusion as matter of law. He held that the significant part of the complainant's corporate name is "Romeike," and that the defendants, although having a right to use their own names in their firm title, must use them so as to cause the least possible confusion. For that reason he granted the injunction in the form above stated.

[1] We are not willing to go so far. A man has a right to use his own name in his own business, unless there is proof of fraud or proof of positive confusion. The material fact is not the use of his own name, but the way he uses it. Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118. Chief Justice Fuller said, in Howe Scale Co. v. Wyckoff, 198 U. S. at page 140, 25 Sup. Ct. at page 614, 49 L. Ed. 972:

"We hold that, in the absence of contract, fraud, or estoppel, any man may use his own name in all legitimate ways, and as the whole or a part of a corporate name; and, in our view, defendant's name and trade-mark were not intended or likely to deceive, and there was nothing of substance shown in defendant's conduct in their use constituting unfair competition, or calling for the imposition of restrictions lest actionable injury might result, as may confessedly be done in a proper case."

There is no such liability of confusion in the newspaper clipping business as there is in the sale of goods of similar appearance, in simi-

lar packages, of similar size, for similar purposes, under similar trademarks. In such cases mere comparison may sometimes justify a necessary inference of confusion. The purpose of the newspaper clipping business is service. The position of the complainant is somewhat the same as if a well-known surgeon, or lawyer, or house painter, or carpenter should object to another, having the same surname, carrying on the same occupation under his own name. The Appellate Division of the Supreme Court of New York for the First Department went further in sustaining the use by the same parties of the corporate name Romeike & Co., which they at first adopted. Henry Romeike v. Albert Romeike & Co., 179 App. Div. 712, 167 N. Y. Supp. 235.

The decree is reversed.

### On Petition to Require the District Court to Allow Defendants' Application for Costs.

PER CURIAM. [2] In this suit we reversed the decree of the court below in favor of the plaintiff, with costs, and that court, holding it had no discretion upon the subject at all, refused to consider the defendants' application for costs, and simply dismissed the bill. In suits in equity and admiralty, costs being discretionary, when the decree of the court below is reversed or modified by this court, with costs, the costs of this court are meant; the court below having a discretion as to the costs there, unless the mandate otherwise provides.

The petition is therefore denied, and the question referred to the District Court for disposition.