---

### THE ADA.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 109.

1. ADMIRALTY ⟨⟩119—COSTS—DECREE ON MANDATE.
   . Where the mandate of the appellate court in an admiralty case contains no direction as to costs of the lower court, their allowance remains discretionary with the court.

2. COURTS ⟨⟩405(5)—APPELLATE JURISDICTION OF CIRCUIT COURT OF APPEALS —QUESTION OF JURISDICTION OF LOWER COURT.
   An appeal does not lie to the Circuit Court of Appeals, where the sole question is whether a court of admiralty has jurisdictional power to grant costs on dismissal of a libel for lack of jurisdiction over the subject-matter; the question being one of jurisdiction of the lower court as a federal court and reviewable only by the Supreme Court under Jud. Code, § 238 (Act March 3, 1911, c. 231, 36 Stat. 1157 [Comp. St. § 1215]).

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Universal Transportation Company, Incorporated, against the steamship Ada; Rederiaktiebo Laget Amie, claimant. Appeal by claimant from decree disallowing costs. Appeal dismissed.

See, also, 250 Fed. 194, —— C. C. A. ——.

Engel Bros., of New York City, Conlen, Brinton & Acker, of Philadelphia, Pa. (William J. Conlen, of Philadelphia, Pa., and Joseph G. Engel, of New York City, of counsel; J. Thurston Manning, Jr., of Philadelphia, Pa., on the brief), for appellant.

Kirlin, Woolsey & Hickox, of New York City (L. De Grove Potter and John M. Woolsey, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOUGH, Circuit Judge. The decree appealed from was entered upon the mandate of this court issued in The Ada, 250 Fed. 194, —— C. C. A. ——.

Our decision disposed of the case upon a single point, viz. that the so-called charter party, for breach of which the libel was brought, was in substance and legal effect no more than a contract of sale, was not of a maritime nature, did not give rise to a maritime lien, and that therefore admiralty had no jurisdiction over the subject-matter of the suit.

This left nothing for the District Court to do but enter a final decree upon our mandate. On the settlement of such decree claimant applied for an award of the costs of the District Court. The application was denied (as is expressed in the decree appealed from) on the ground of lack of jurisdiction in the court to give the costs applied for; thereupon this appeal was taken, which raises no question but the propriety of the holding as to jurisdiction above stated.

[1] The matter is unaffected by the fact that we directed the District Court to dismiss the libel, for our mandate contained no direction as to the costs of the lower court, and since in admiralty, as in equity, costs are discretionary, the matter remained for the lower court's determination under Romeike v. Romeike, 251 Fed. 273, —— C. C. A. ——.

[2] Therefore this appeal asks us to consider the question whether a court of admiralty organized under the Constitution and laws of the United States possesses jurisdictional power to grant costs when dismissing a libel for lack of jurisdiction over the subject-matter. The inquiry is exactly what it would have been had the decree complained of been entered by the District Court of its own volition instead of in obedience to our mandate.

We are compelled to hold that this court lacks jurisdiction to entertain this appeal. It is plain that an appeal direct to the Supreme Court would have lain upon certificate as to jurisdiction. The Jefferson, 215 U. S. 130, 30 Sup. Ct. 54, 54 L. Ed. 125, 17 Ann. Cas. 907; The Ira M. Hedges, 218 U. S. 264, 31 Sup. Ct. 17, 54 L. Ed. 1039, 20 Ann. Cas. 1235. There are some questions of jurisdiction that may be brought to this court "along with other questions arising upon the trial of the merits of the case." Boston & Maine R. R. v. Gokey, 210 U. S. at 161, 28 Sup. Ct. 658 (52 L. Ed. 1002). But where the sole question on appeal is of jurisdiction in the sense that one challenges the "power of the District Court as a federal court to take jurisdiction of the subject-matter of suit," this court is without jurisdiction—the remedy is solely in the Supreme Court. Great Northern Ry. Co. v. Blaine, 252 Fed. at 550, —— C. C. A. ——. It is otherwise where the objection to power rests on want of territorial jurisdiction or the like. Davis v. Anderson, 252 Fed. 683, —— C. C. A. ——, and cases cited.

Since, therefore, no question is presented to us except one of jurisdiction in the lower court over the subject-matter of litigation, the appeal must be dismissed. It does not advance the matter to assert that the question is one of jurisdiction as to costs. If there had been jurisdiction over the subject-matter, jurisdiction as to costs is not doubt-

ed. In legal effect the money question involved is not even a variant of the fundamental jurisdiction point.

If this appeal pertained to costs alone, it should be dismissed for another reason. Du Bois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895; City Bank v. Hunter, 152 U. S. 512, 14 Sup. Ct. 675, 38 L. Ed. 534.

Appeal dismissed, without costs.