**GOLDWYN PICTURES CORPORATION et al. v. HOWELLS SALES CO., Inc., et al.**

(Circuit Court of Appeals, Second Circuit. January 30, 1923.)

No. 169.

1. **Mandamus ☞4(4)—Lies to compel vacation of order only when remedy by appeal is not available.**

The Circuit Court of Appeals may grant mandamus to have an order of the trial court vacated, if the action sought to be compelled is reasonably necessary for the full and unhampered exercise of the appellate jurisdiction of the court, but the extraordinary remedy by mandamus should not be used when the ordinary remedy of appeal is available.

2. **Appeal and error ☞874(2)—Order admitting new plaintiff can be reviewed on appeal from interlocutory injunction.**

On an appeal under Judicial Code, § 129 (Comp. St. § 1121), from an order granting an interlocutory injunction, the power of the Circuit Court of Appeals to review cannot be restricted by any prior ruling of the trial court, though made in an order from which a direct appeal is not allowed, but such appeal brings up the whole case as it is, and it may be considered and determined on its merits, so that the propriety of an order admitting a new plaintiff can be reviewed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Appeal and error ⬯1198—Trial court can do nothing contrary to mandate as explained by opinion.**

The power of a trial court, after the issuance of a mandate on appeal, is limited by an obligation to do nothing contrary to the letter or spirit of the mandate as explained by the opinion.

**4. Appeal and error ⬯1201(7)—Admission of new plaintiff held beyond scope of mandate permitting plaintiff to acquire copyright.**

Where an injunction against infringement of a copyright had been reversed on the ground that plaintiff was not the owner of the copyright, and the cause remanded, with leave to the plaintiff to procure title to the copyright, if it could do so, the mandate did not permit plaintiff, instead of procuring the title to the copyright, to have the owner, thereof joined as a coplaintiff under an agreement which amounted substantially to paying him for permission to use his name in the suit.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Goldwyn Pictures Corporation and John F. Stephens against the Howells Sales Company, Inc., and others. From an order granting injunctions pendente lite, defendants appeal, and also urge a motion for mandamus requiring one of the judges of the District Court to set aside an order permitting the amendment of the bill of complaint, so as to admit John F. Stephens as coplaintiff. Motion for mandamus denied, appeal sustained, order for injunction reversed, and cause remanded, with directions.

At the hearing defendants appellant urged a motion for a mandamus, directed to one of the judges of the said court, requiring him to set aside a certain order permitting the amendment of the bill of complaint herein and the admission of the above named Stephens as coplaintiff, and further requiring the final dismissal of said bill of complaint.

This is a litigation heard by this court in 282 Fed. 9. We there reversed a previous order for injunction pendente lite and remanded the case for further proceedings in conformity with the opinion there recorded. The substantial question raised both by defendants' appeal and by their motion for mandamus is whether the procedure under or subsequent to our mandate has been in conformity therewith.

Charles J. Katzenstein, of New York City (Charles H. Tuttle and Emily C. Holt, both of New York City, of counsel), for appellants.

Kelley & Becker, Chas. E. Kelley, and Henry Stanton, all of New York City, for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Upon the previous appeal this court held that the then sole plaintiff, Goldwyn Company, had (under the copyright statute [26 Stat. 1106]) no cause of action, because it owned no copyright. But, although the corporation that brought suit had no right to sue, we thought it might obtain such right, and therefore left the case open. It now appears that Goldwyn Company, having discovered in Stephens the copyright proprietor, did not itself acquire the copyright, but literally hired Stephens to lend his name to this litigation; he assigning in advance to Goldwyn Company any damages that might "be recovered by himself in actions

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for violation of [the] copyright." Thereupon motion was made to admit Stephens as a plaintiff and amend the bill of complaint, so as to show copyright title in him.

The motion to amend and for the admission of Stephens was granted by an order said to have been nonappealable. Then followed a motion for preliminary injunction, which was granted; the injunction being, as against defendants, substantially similar to that which we reversed ut supra. Thereupon defendants appealed from said order, and simultaneously moved for a mandamus to compel the vacation of the order which admitted Stephens and allowed an amendment as above stated.

[1] We have no doubt that a motion such as this may be made, and mandamus granted, if in any true sense the action to be compelled by mandamus is reasonably necessary for the full and unhampered exercise as of the appellate jurisdiction of this court. American, etc., Co. v. Metropolitan, etc., Co., 285 Fed. 677. For a very recent instance, see Grable v. Killits (C. C. A.) 282 Fed. 185. But, as shown by the American Co. Case, supra, mandamus is extraordinary, and should not be used, when ordinarily the remedy of appeal is available.

[2] Mandamus is not here required. This appeal is under section 129, Judicial Code (Comp. St. § 1121), which in substance re-enacts section 7 of the Act creating Circuit Courts of Appeal (26 Stat. 828). On such appeals our power to review cannot be "hampered or restricted by any prior ruling of the trial court, * * * though made in an order from which a direct appeal is not allowed, especially where such ruling relates to the jurisdiction of the court." Lake Street, etc., Co. v. Farmers', etc., Co., 77 Fed. 769, 23 C. C. A. 448. Such appeal brings up the whole case as it is, and we may "consider and determine the case on its merits, and thereupon render or direct a final decree dismissing the bill." Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810. Therefore we are entitled to consider and pass upon the propriety of the order admitting Stephens as plaintiff, without regard to the effect of the prior appeal.

[3] But the power of a trial court to act in any litigation after the issuance of a mandate on appeal is limited by an obligation to do nothing contrary to either the letter or the spirit of the mandate, as explained or elucidated by the opinion. There are some matters which are usually left sub silentio to the lower court (e. g., The Ada, 255 Fed. 50, 166 C. C. A. 378), and sometimes a wide discretion is expressly left to the lower court (e. g., White v. Thomas, 231 Fed. 1020, 145 C. C. A. 664).

The nature of the doctrine is best shown by the history of one celebrated litigation. In Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, 39 L. Ed. 275, the bill had been dismissed in the trial court; the Supreme Court reversed and "remanded for further proceedings in conformity" with its opinion. Thereupon the lower court permitted an amendment under which testimony was offered ([C. C.] 71 Fed. 574; [C. C.] 77 Fed. 454), whereupon a mandamus was applied for (In re Potts, 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994), and granted; the court saying that, "when the merits of a case have been once decided by this court on appeal, the [trial] court has no authority, with-

out express leave of this court," substantially to change the issues presented by the record as it stood on the appeal.

It follows that there are two questions here: (1) Was the amendment growing out of the admission of Stephens as plaintiff lawful under any circumstances? (2) Was it within the power of the court under our mandate as interpreted by the opinion? We shall not enter upon the first inquiry, though observing (a) that by such amendment the nature of the litigation, the identity of the cause of action was totally changed; and (b) that Stephens is evidently one who hired out his name in order to create a jurisdiction which did not exist without it. Cashman v. Amador, etc., Co., 118 U. S. 58, 6 Sup. Ct. 926, 30 L. Ed. 72.

[4] Answering the second question, we are clear that the admission of Stephens was wholly beyond the scope of anything permitted by our mandate. We did give to Goldwyn Company, which had no cause of action under the Copyright Act, because it had no copyright, an opportunity to acquire such cause of action. This has not been done, nor sought to be done. What was done was to bring in a new plaintiff, in whom the whole right of action resides. We gave Goldwyn Company a right to continue its own suit, if it could get title; we did not give any right to procure Stephens to sue *in* Goldwyn's suit, and for the latter's benefit. Whether this or any other court should or could permit such a proceeding we need not decide.

It is enough that neither out of our previous decision, nor the doctrine as elucidated in the Potts litigation (supra), can be spelled any justification for permitting the institution of a brand new suit under the guise of admitting to an old one, a party unknown to the record when we first examined this case. It may be noted that, on the theory that any order inconsistent with mandate is one finally denying a right, an appeal from such an order has been entertained. Individual, etc., Co. v. Public, etc., Co. (C. C. A.) 262 Fed. 410.

The motion for mandamus is denied; the appeal is sustained, order for injunction reversed, with costs, and cause remanded, with directions to vacate the order admitting Stephens as a party, and to finally dismiss the bill without prejudice to any new suit by Stephens, but with costs.