### THE JAMES McWILLIAMS.

**NEW JERSEY SHIPBUILDING & DREDGING CO. (MERCHANTS MARINE INS. CO., Limited, et al., Interveners) v. JAMES McWILLIAMS BLUE LINE, Inc.**

No. 378.

Circuit Court of Appeals, Second Circuit.

May 18, 1931.

Leo J. Curren, of New York City, for appellant.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for libelant-appellee.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell and Joseph M. Brush, both of New York City, of counsel), for interveners-appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal relates wholly to costs in the District Court. The libelant had a decree there which was, on appeal, reversed with half costs to the appellant. See The James McWilliams (C. C. A.) 42 F.(2d) 130. The original decree had contained an item allowed for detention which was held to have been improperly proved. An opportunity was provided for the libelant to offer proof in the District Court in support of its detention claim in accordance with the principles held to be applicable to such proof. It did not see fit to avail itself of this opportunity, but delayed until that court entered an order dismissing its claim unless it proceeded to prove it within a time fixed. As the libelant did not comply with the terms of this order and offered no proof within the time limited, its claim was finally dismissed. Thereafter such proceedings were had that a final decree was entered for the libelant awarding to it only the damages to which it had been held to have been entitled on the evidence originally introduced. This decree, however, provided that it recover the same costs that were allowed to it in the original District Court decree which had contained as a substantial part of the award the item for detention that eventually was disallowed in toto. Thus it appears that, although the li-

belant was defeated in the District Court in respect to a substantial part of its claim, it has nevertheless been there awarded in full the costs occasioned by its first and only unsuccessful attempt to prove detention damages.

The matter of the allowance of costs in actions in admiralty rests in the sound discretion of the court, and furthermore the District Court is not deprived of its discretionary power, on remand in the absence of anything in the mandate to the contrary. The Ada (C. C. A.) 255 F. 50; Romeike v. Romeike et al. (C. C. A.) 251 F. 273. It is impossible on this record to comprehend the basis of the allowance of full costs in the decree below. However that may be, it is certain that this is nothing but an appeal from a decree for costs. No other question is before us. In The Ada, supra, the actual decision was put upon another ground, but, as the denial of costs to the prevailing party on the dismissal of the libel had been the incentive for the appeal, it was said, perhaps obiter, that, if it had pertained to costs alone, it would likewise have been dismissed. At any rate, the law was correctly stated. Canter v. American Ins. Co., 3 Pet. 307, 319, 7 L. Ed. 688; Harmony v. United States, 2 How. 210, 11 L. Ed. 239; Sizer v. Many, 16 How. 98, 14 L. Ed. 861; City Nat. Bank v. Hunter, 152 U. S. 512, 516, 14 S. Ct. 675, 38 L. Ed. 534; Du Bois v. Kirk, 158 U. S. 58, 15 S. Ct. 729, 39 L. Ed. 895.

Appeal dismissed.