**THE PASADENA.**

**UNITED STATES v. SMITH et al.**

**No. 3207.**

Circuit Court of Appeals, Fourth Circuit.

Jan. 12, 1932.

F. R. Conway, Asst. Counsel, U. S. Shipping Board Merchant Fleet Corporation, of Washington, D. C. (Simon E. Sobeloff, U. S. Atty., and James K. Cullen, Sp. Asst. U. S. Atty., both of Baltimore, Md., on the brief), for the United States.

Charles R. Hickox, of New York City (Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, Janney, Ober & Williams, of Baltimore, Md., and Clement C. Rinehart and Richard L. Sullivan, both of New York City, on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from that portion of a decree in admiralty entered in the District Court of the United States for the District of Maryland, on the 26th of December, 1930, which taxed costs of $673.30 against the United States after dismissing a libel of the United States against the appellees.

The libel was filed on March 3, 1921, in the District Court of the United States for the Southern District of Georgia, to recover $80,021.65, freight, from appellees as charterers of the steamship Pasadena under charter party dated March 22, 1920, for a voyage from Chile to the United States with cargo of nitrate of soda. Property of the appellees was seized by writ of foreign attachment and a bond was given by them to release the attachment. The appellees then filed an answer claiming damage by way of set-off of approximately $88,000 for delay on the voyage and for damage and shortage of cargo. Thereafter on the 23d of January, 1929, the suit was transferred to the District Court of the United States for the District of Maryland.

After transfer of the suit, the parties stipulated that the libelant was entitled to its freight, but that the libelant was liable to the appellees for their damages claimed

in their set-off, not exceeding $80,021.65. After counsel for the government had received a statement of appellees' damages, an order was entered on July 11, 1930, on application of the United States attorney, dismissing the libel with costs. Costs were taxed against the United States in the sum of $673.30. Thereafter the government moved to set aside the order of dismissal on the claim that the "United States Attorney was not authorized either expressly or by law to assess costs against the United States." Judge Soper granted the application to vacate the order of July 11, but on motion of appellees' proctors and on consent of government counsel then dismissed the case for lack of prosecution and, over objection of government counsel, awarded costs against the United States. Decree was entered accordingly, and the United States appealed.

The sole question presented is whether costs may be recovered of the United States upon voluntary dismissal of a suit in admiralty begun by the United States on a contract of affreightment made after the enactment of the Suits in Admiralty Act of March 9, 1920 (46 USCA §§ 741–752), for carriage of goods in a merchant vessel owned and operated by and for the United States, when the defendant has filed an answer claiming damages by way of set-off as provided by said act.

The pertinent parts of the Act of March 9, 1920, are as follows:

"Section 2. * * * In case the United States or such corporation shall file a libel in rem or in personam in any district, a cross libel in personam may be filed or a set-off claimed against the United States or such corporation with the same force and effect as if the libel had been filed by a private party. Upon application of either party the cause may, in the discretion of the court, be transferred to any other district court of the United States.

"Sec. 3. Such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States or such corporation may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 per centum per annum until satisfied, or at any higher rate which shall be stipulated in any

contract upon which such decree shall be based." (46 USCA §§ 742, 743.)

While it is contended that the United States could have maintained this suit irrespective of the Suits of Admiralty Act, yet it is clear that after the suit was brought proceedings were had in it under the act. We are confirmed in this opinion by the fact that the proceedings were transferred from the District Court of the United States for the Southern District of Georgia to the District Court of the United States for the District of Maryland. There is no authority for such a transfer, except it be found in the act in question.

It then becomes necessary to decide whether the Suits in Admiralty Act authorizes the recovery of costs against the United States in a suit in admiralty brought by the United States in which a set-off is claimed. We are of the opinion that the act does authorize such recovery, and not to so construe it would be giving the act a strained and unreasonable interpretation.

After discussing, in section 2, above quoted, not only suits brought against the United States but suits brought by the United States, in which cross-libels are filed or set-offs claimed, the act says: "A decree against the United States * * * may include costs of suit. * * *"

It is not logical to say, as contended on behalf of the government, that because the word "such" in section 2 refers there only to suits brought against the United States that the word "such" in section 3, used after suits brought by the United States have been mentioned, can only refer to the one class of suits to which the word "such" in section 2 refers.

If, as contended, the third section, is in pari materia with section 2, it only sustains the construction we have given the statute.

A discussion on the question of awarding damages, interest, and costs against the government will be found in the opinion in United States v. The Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313.

It is contended that costs might properly be recovered of the United States in this suit without the authority given by the act in question, and the judge below was of this opinion; but in view of our conclusions above set out it is not necessary to decide that question.

The decree of the court below was correct, and it is accordingly affirmed.