## ASSOCIATED ALMOND GROWERS OF PASO ROBLES et al. v. WYMOND et al.

### No. 7250.

Circuit Court of Appeals, Ninth Circuit.
March 26, 1934.

Flint & MacKay, William A. Bowen, and Edward L. Compton, all of Los Angeles, Cal., and Griffith & Thornburgh and William G. Griffith, all of Santa Barbara, Cal., for appellants.

David R. Faries, of Los Angeles, Cal. (Don F. Tyler, of Los Angeles, Cal., of counsel), for appellee Mitchell.

Benjamin F. Bledsoe, of Los Angeles, Cal., in pro. per.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

## GARRECHT, Circuit Judge.

This is an appeal from an order of the District Court confirming a report made by the special master in chancery who was appointed by a certain interlocutory decree, which subsequently was appealed from and reversed by this court. The order appealed from here assesses the cost of the reference, including the compensation of the special master, one-half against the plaintiffs, and the other one-half against the appealing defendants, equally.

The suit was originally brought by the plaintiffs, one hundred in number, for the purpose of recovering alleged damages for frauds alleged to have been committed by the defendant Associated Almond Growers of Paso Robles, a corporation, in the sale of subdivisions of an almond growing enterprise.

The case was tried and decided by the District Court in favor of the plaintiffs, and the interlocutory decree entered granting an injunction and appointing a special master to take an accounting as ordered by the court, of receipts and disbursements of both the defendants County National Bank & Trust Company of Santa Barbara and Associated Almond Growers of Paso Robles, and to hear and determine claims.

From said interlocutory decree the defendants appealed to this court, which reversed the District Court (42 F.(2d) 1, 6). The following is an excerpt from that opinion:

"Upon the other hand, a court of equity is competent and open to extend relief in the enforcement of a trust and in the protection of trust funds, including an accounting; and here any one of the purchasers, having a present interest in such funds, may seek the aid of the court in enforcing the declaration of trust in so far as it pertains to such interest.

"The averments in the pleading and the provisions in the decree touching the legal and equitable causes of action are so interwoven that we find it impracticable to determine what parts, if any, of the decree can be sustained, and therefore it will be reversed as a whole with directions to take further proceedings not out of harmony with the views herein expressed. * * * "

Pending the appeal, the master had proceeded with an accounting, given notice to all purchasers of land from the defendant Associated Almond Growers, and employed accountants to enter upon the task of auditing the books of the defendants, which was continued until the decision rendered by this court on appeal above noticed.

It was known to all the parties before this work of auditing began that the interlocutory order was to be appealed, and a conference was had at which the attorneys for the parties, the special master, and the auditor were present, and there was some discussion as to how the fees would be paid. The auditor testified that he was assured, and it was definitely understood, that, regardless of the decision on the appeal that was then being taken, he would be paid for his services. The testimony of the attorney for the appellants admitted that the auditor was assured that he would be paid by some one out of the equities of the property involved.

There is no dispute as to the essential facts involved in the case. The finding of the court as to the value of the services of the special master and the auditor is not challenged; the only question involved being one of law.

Appellants contend that the District Court had no authority or jurisdiction to make the order complained of. It is argued that the reversal of the interlocutory decree by this court in the former appeal of Associated Almond Growers of Paso Robles v. Wymond, supra, had the effect of abrogating

the decree to the extent of nullifying the appointment of the master and depriving the District Court of any power to enter an order fixing the compensation for services rendered about it.

Appellants contend that the opinion of this court on the previous appeal was so sweeping in effect as to deprive the District Court of jurisdiction to enter the order providing for compensation to the master and auditor, who had been rendering services as officers and agents of the court by this appointment.

The authorities cited by appellants to support this position are not applicable to the situation here. In Central Savings Bank of Oakland v. Lake, 201 Cal. 438, 257 P. 521, and Smith v. Vulcan Iron Works, 165 U. S. 518, 17 S. Ct. 407, 41 L. Ed. 810, the reversals were unqualified and intended to abrogate the decrees. In the case at bar there was no such unqualified reversal as would indicate that the Circuit Court intended that the District Court should be deprived of jurisdiction to compensate the officers it had appointed to render services designated, but the opinion clearly implies the contrary. The reversal did not anticipate that the case would be discontinued, as appears from the following language: "* * * And in the interest of clarity and economy we add that plaintiffs should be permitted and directed to reframe their bill so that it will relate exclusively to the subject-matter of the trust as we have defined it, make certain what, if any, interest plaintiffs have therein, show with reasonable detail in what particulars the defendants have failed to discharge their obligations in respect thereof, or threaten to violate it, and disclose what efforts, if any, plaintiffs have made to secure compliance with the declaration prior to or aside from their application to the court for assistance. Upon issues so presented, if sufficient in law, the evidence already taken, in so far as it is material and pertinent, may be considered, with the right to either party to supplement it."

There is an apparent suggestion here that evidence already taken might be considered, and that the services rendered by officers appointed by the court would not be left without being compensated.

In any event, the District Court still had jurisdiction to determine the amount to be paid to the master and the auditor for services rendered under the order of the court, and the former decision of the Circuit Court of Appeals did not interfere with the discretion of the District Court in that regard. Romeike v. Romeike (C. C. A.) 251 F. 273; Rauer v. Hatfield (C. C. A.) 295 F. 48.

As to appellants' argument that it was error for the District Court to assess these costs prior to the final determination of the matter upon the retrial of the case—there might be merit in this contention if costs had been awarded to one of the parties, but here there was an award of compensation to a master in chancery, appointed by order of the District Court, and an auditor employed by him, to pay for doing the work required of them. The allowance of costs in equity are not necessarily adjudged as at law, against the losing party. In the absence of statutes providing otherwise, the allowance is wholly within the discretion of the court, usually not reviewable on appeal, except for manifest abuse. 15 C. J., p. 32, § 22; Canter v. American Ins. Co., 3 Pet. (28 U. S.) 307, 7 L. Ed. 688; Bliss v. Anaconda Copper Mining Co. (C. C.) 167 F. 1024. Compensation to the master and auditor were properly awarded as expenses incident to the litigation. Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919.

Affirmed.