### THE POCAHONTAS.

### EAGLE TRANSPORT CO., Limited, et al. v. UNITED STATES.

### THE SAN TIRSO.

### UNITED STATES v. EAGLE TRANSPORT CO., Limited, et al.

### No. 228.

Circuit Court of Appeals, Second Circuit.

April 26, 1940.

452

For former opinion, see 109 F.2d 929.

John T. Cahill, U. S. Atty., of New York City (William E. Collins, Sp. Asst. to U. S. Atty., of New York City), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for appellees.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

The decree of the district court was for the libelants on the merits, with damages at $58,000 and costs at $2,095.21. On the respondent's appeal the decree was modified to the extent that damages were reduced to $26,000. The respondent was awarded one-half the appellate costs. Nothing was said as to costs in the district court. On return of the mandate the district court reduced the award of costs in that court to $1,047.60 in the libelants' favor. On motion to recall the mandate the libelants complain of the reduction and call into question the power of the district court to modify the old decree as to costs in the district court.

■ We are of opinion that the district court had power to reduce the award of costs in that court. In general the trial court on return of mandate may not disturb the provisions of its original judgment, save to the extent directed by the mandate. The matter of costs is an exception. After reversal or modification in equity and admiralty the district court still has discretion as to the award of costs in that court, unless the opinion or the mandate of the appellate court gives instructions in respect to such costs. Romeike v. Romeike, 2 Cir., 251 F. 273; The Ada, 2 Cir., 255 F.

50; The James McWilliams, 2 Cir., 49 F. 2d 1026; Associated Almond Growers v. Wymond, 9 Cir., 69 F.2d 912. Here the opinion and the mandate of this court were silent on costs in the trial court. It follows that the district court had discretion to cut down the costs theretofore allowed in that court. While perhaps we might recall and amend the mandate so as to cover costs in the district court, we see no reason to exercise that power in the present case. The motion is denied.