UNITED STATES
v.
POLING RUSSELL, Inc.

THE DOVER.

THE POLING BROS. No. 12.

No. 198, Docket No. 22967.

United States Court of Appeals,
Second Circuit.

Argued April 14, 1954.

Decided April 29, 1954.

Morton Hollander, Atty., Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., and Leavenworth Colby, Atty., Dept. of Justice, Washington, D. C., and J. Edward Lumbard, U. S. Atty., New York City, on the brief), for libellant-appellant.

Sidney A. Schwartz, New York City (Alexander & Ash and Edward Ash, New York City, on the brief), for Poling Russell, Inc., respondent-appellee.

Before CLARK, HINCKS, and HARLAN, Circuit Judges.

PER CURIAM.

As a part of its governmental immunity the United States as a litigant cannot be held for costs in the absence of an authorizing statute. United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131; United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887; 28 U.S.C. § 2412(a). This principle is directly applicable to prevent allowance of costs to a defendant successful in opposing an action brought by the United States. United States v. Chemical Foundation, supra. The present litigation is under the Public Vessels Act, 46 U.S.C. § 782, which incorporates by reference the provisions of the Suits in Admiralty Act, 46 U.S. C. § 743, by which costs may be awarded to a libellant who successfully asserts a claim against the United States. This, however, still leaves unauthorized, and therefore illegal, the award of costs to a successful respondent who opposes a claim of the government. Globe & Rutgers Fire Ins. Co. v. United States, 2 Cir., 105 F.2d 160, 165, certiorari denied 308 U.S. 611, 60 S.Ct. 175, 84 L.Ed. 511; The Glymont, 2 Cir., 66 F.2d 617. The case cited to us by respondents, The Pasadena, 4 Cir., 55 F.2d 51, states no different rule, for there before the United States dismissed its libel it had stipulated that the respondent was entitled to damages on the latter's setoff.

There is nothing in the circumstances of the present case to change this well established rule. The original litigation arose from a collision between a government vessel and a tug and tow. The towed barge brought a libel against the United States and the tug owner, while the United States sued the other two. In the district court the vessel of the United States was held solely liable, Poling Russell, Inc. v. United States, D.C.S.D.N.Y., 97 F.Supp. 649; but on appeal to this court, 2 Cir., 196 F.2d 939, the decrees in each libel were modified to hold the tug and the government vessel both at fault and to divide the damages between them, with costs on the appeal to the United States. No mention was made or consideration had as to the award of $1,485.40 costs, with interest, to the barge and its owner, respondents here; but since the main award in their favor was not disturbed, they contend that the issue of costs was thus finally adjudicated. Obviously this was not so in the intent of this court. It remanded the case for the fixing of damages; and an interlocutory decree referring the issue of damages to a master was in fact entered, though agreement of the parties has now eliminated that issue and all issues involving the companion libel, except for the award of costs just noted which the district judge concluded he must allow to stand. Nor did he carry through his originally expressed intent of dividing the costs between the two parties held responsible for the collision. But the mandate from this court should not be given the effect, contrary to its intent, accorded it below. A judgment taxing costs against the United States has been said to be void for want of jurisdiction. United States v. Patterson, 5 Cir., 206 F.2d 345, 348. In any event, as indeed we have previously held, a mandate of the kind issued here should be held to leave the question of costs open. The Pocahontas, 2 Cir., 111 F.2d 451, 452, citing cases, certiorari denied Eagle Transport Co. v.

United States, 310 U.S. 641, 60 S.Ct. 1088, 84 L.Ed. 1409. Respondents make some suggestion, in line with the thought of the court below, that the rule preventing costs against the government might not apply to a "cross-libel" by the government. Passing the question whether a companion libel is necessarily to be termed "cross," the Globe & Rutgers case shows that the rule of costs applies, whatever the label.

The decree must therefore be reversed for elimination of the award of costs to the respondents against the United States.