**LAMBROS SEAPLANE BASE, Inc.,**
Libelant,

v.

**M/S BATORY, her engines, boilers, etc., and Gdynia-America Shipping Lines Ltd., Claimant-Respondent.**

United States District Court,
S. D. New York.

Oct. 21, 1954.

Purdy, Lamb & Catoggio, New York City, proctors for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, proctors for claimant-respondent.

IRVING R. KAUFMAN, District Judge.

Proposed final decrees on mandate in which the libel was dismissed by the Court of Appeals, 2 Cir., 215 F.2d 228, 231, and the dismissal of the cross-libel by this Court, 117 F.Supp. 16, was affirmed, have been submitted for signature by both libelant and respondent cross-libelant. The immediate issue here relates to whether costs in the District Court should be awarded to the claimant-respondent on the dismissal of the libel. Appellate costs have been provided for by the Court of Appeals in their Per Curiam decision of October 5, 1954.

The action in this court concerned the conduct of transatlantic liner Batory which, while proceeding to Southamp-

ton, England and about twelve miles south of Fire Island on August 8, 1953, sighted a seaplane which proceeded to circle the ship. The plane then alighted on the water briefly, took off, and again circled the ship. The pilot of the plane while in the air shouted that he was lost and without gas or compass. The pilot was received on board. The master then hoisted the plane on board and wired the Batory's agents in New York, which office he knew to be closed, informing them of the rescue of the plane owned by the libelant Lambros and of the facts, which later turned out to be untrue, that the pilot had run out of gas without compass. Before the Batory reached Southampton, Lambros demanded the return of the plane. Gdynia, the owner of the Batory, demanded prepaid transport charges as a condition of return, which Lambros refused to pay. On arrival at Southampton the seaplane was delivered to the British Receiver of Wrecks with whom it was stored. It was eventually sold at public auction. Gdynia filed a separate suit for salvage of the plane which was consolidated for trial with the suit of Lambros for damages.

This Court ruled that the ship was " 'grossly negligent in failing * * * to return the plane to shore' ", and that Gdynia's cross-libel for salvage be dismissed on the merits. The Court of Appeals, in dismissing the libel, held that the ship was not negligent, and affirmed the dismissal of the cross-libel. No provision for costs of any kind was expressly made in the original decision of the Court of Appeals dated August 17, 1954. The Per Curiam decision of October 5th referred to *appellate* costs only, and the motion papers in the Court of Appeals indicate that the question of District Court costs was never raised there.

■ The libelant urges that this Court is without power to grant costs in this situation. It is unquestioned that the Court of Appeals has power to provide for costs incurred in the District Court. Todd Erie Basin Dry Docks, Inc. v. The Penelopi, 2 Cir.1945, 148 F.2d 884, 887. It is clear, however, from an examination of the appellate papers in this case that the Court of Appeals neither granted nor denied such costs expressly or by implication.

■ There is clear and unbroken authority in this Circuit holding that unless directed otherwise by the appellate court mandate, the District Court may award or modify a previous order of costs. There is no distinction, as libelant suggests, based upon whether the higher court affirms, modifies, reverses or dismisses the libel. In all cases the lower court may award costs on the final decree after the mandate is issued by the appellate court. The Pocahontas, 2 Cir. 1940, 111 F.2d 451; New Jersey Shipbuilding & Dredging Co. v. James McWilliams Blue Line, Inc., 2 Cir.1931, 49 F.2d 1026; The Ada, 2 Cir.1918, 255 F. 50; Romeike v. Romeike, 2 Cir.1918, 251 F. 273, 275; cf. United States v. Poling Russell, Inc., 2 Cir.1954, 212 F. 2d 184, 185.

■■ Although it is clear that this Court has the discretionary power to grant costs, I shall exercise it in the negative in the instant case. I am bolstered in this conclusion by my denial of costs to the libelant in the dismissal of the cross-libel at the conclusion of the trial. It must be noted again that the cross-libel was the subject of a separate suit which had been consolidated for trial with the libel. It was not a "nuisance" cause but, indeed, raised serious questions relating to the law of salvage and was pressed with much diligence. Much time and energy had to be devoted to the facts in the successful defense to the cross-libel. The claimant-respondent reacted similarly to the reasonable claims in the libel and I see no reason to distinguish between the two in reference to costs. "If both the libel and cross-libel are dismissed, each party pays his own costs." 3 Benedict on Admiralty 234. The respondent-claimant is accordingly denied costs in the District Court. The Beacon, D.C.Md.1934, 6 F.Supp. 779, 782; cf. Donnell v. Amoskeag Mfg. Co., 1 Cir.1902, 118 F. 10, 19. I have signed the decree submitted by libelant.