**Matter of Ellsworth C. VALENTINE, Bankrupt.**

**No. 10022.**

United States District Court
D. Maryland.

March 28, 1956.

Louis J. Sagner, Baltimore, Md., for trustee.

Morris Rosenberg, Baltimore, Md., for Universal C. I. T. Corp., a creditor.

THOMSEN, Chief Judge.

Counsel for the trustee seeks review of an order of the referee allowing him $7,000, rather than the $10,000 requested, for professional services rendered the trustee, himself an able attorney experienced in bankruptcy matters.

The petition which counsel filed with the referee contains 53 numbered paragraphs under the heading " 'Highlights' of Services Rendered" and a 21-page time schedule showing 21,482 minutes, or 358 hours and 2 minutes, spent on the case. The inclusion among the "highlights" of such items as hiring a watchman, securing court approval of a $53.81 bill for repairing a truck, and obtaining routine orders to sell property, causes the court to question the skill necessary

to solve the problems involved, however experienced counsel may be. A briefer and more discriminating statement would have been more persuasive. Section (2) of the Findings of Fact in the Referee's Certificate sets out in two and a half pages "The Problems Involved and Results Achieved". Counsel does not question the accuracy or fairness of this summary, but contends that since the referee is newly appointed and was not personally familiar with the services rendered by counsel, he has undervalued them.

Total receipts of the estate were $72,307.87, disbursements to adverse claimants, lienholders, etc., $25,-084.58. Out of the balance of $47,223.-29 must come costs of administration amounting to $13,037.57, including the $7,000 fee allowed to counsel. The dividend to general creditors will be approximately 50%. Counsel's principal argument seems to be that since this dividend is much larger than the average, the results achieved justify the fee. But the percentage of the dividend is not the proper measure of the results achieved by counsel for a trustee. The court must consider the nature of the problems handled, compare the results achieved with those reasonably possible, and consider also the time spent, the opposition met, and the economical spirit of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Collier on Bankruptcy, 14th Ed., sec. 62.12; In re Belfort Corp., D.C.Md., 136 F.Supp. 1.

The delay in closing the estate has made the dollars counsel will receive worth less than when the services were rendered; but that is true also of the dollars the creditors will receive, and neither a referee nor a judge should favor counsel whom he sees and hears over creditors whom he does not see and hear, but who are equally entitled to the protection of the court.

As a rule discretion in the fixing of fees will be exercised primarily by the referee, subject, however, to review and reconsideration by the district judge. The referee's discretion and judgment, if free from error of law and sufficiently supported by evidence, is entitled to great weight, even though he was not in office when the services were rendered. Collier on Bankruptcy, 14th ed., sec. 62.12, pages 1481–1483. In Re American Range & Foundry Co., D.C.Minn., 41 F.2d 845, 847, 7 Am. Bankr.Rep.,N.S., 170, the judge said: " * * * it is not the business of this court to retry this question or to substitute its judgment for that of the referee, where there is nothing to show that he did not fairly pass on the question in view of the evidence before him, or that there is any mistake of law. * * * The business of fixing attorneys' fees in bankruptcy matters is one peculiarly for the referee. If this court should make it a practice to pass upon the question of the reasonableness of the allowances made by referees for attorneys' fees, it would mean that it would have to pass upon the question in connection with almost every large bankruptcy matter and a great many of the small ones. To leave the question to the referees tends to create uniformity of charges and allowances, while to repass upon the question here and substitute the judgment of this court for that of the referee would tend to create inequality and confusion. There is nothing more difficult nor embarrassing than to appraise the value of professional services. The appraisal must be based largely upon the personal opinion of the one who makes it. Even though an occasional injustice be done, the policy of the court must be to leave the determination of the question of the reasonable value of such services to the judgment of the referee." See also Matter of Melhado, D.C.Pa., 1 F.Supp. 591, 21 Am.Bankr.Rep., N.S., 444; In re Fineman, D.C.Md., 32 F.Supp. 212, 42 Bankr.Rep.,N.S., 566.

No injustice was done in this case. I have read counsel's petition carefully and heard him at length in open court. The allowance made by the referee was entirely adequate, and his order is hereby confirmed.