See also 131 F.Supp. 119.

---

**HELENE CURTIS INDUSTRIES, Inc., et al., Plaintiffs,**

v.

**SALES AFFILIATES, Inc., Defendant.**

United States District Court
S. D. New York.

Feb. 17, 1958.

Cravath, Swaine & Moore, New York City, Bruce Bromley, New York City, of counsel, for plaintiffs.

Kenyon & Kenyon, New York City (Theodore S. Kenyon, New York City, Adolph A. Rubinson, Maurice S. Cayne, Chicago, Ill. and Malvin R. Mandelbaum, New York City, of counsel), for Helene Curtis Industries, Inc., and others.

Henry R. Ashton, New York City (Edgar H. Kent and Rynn Berry, New York City, of counsel), for The Gillette Co.

Hawkins, Delafield & Wood, New York City (Clarence Fried, New York City, of counsel), for Skillern & Son, Inc. and another.

Halpin, Keogh & St. John, New York City (Eugene J. Keogh, New York City, of counsel), for Sales Affiliates, Inc.

IRVING R. KAUFMAN, District Judge.

This motion flows from the decision of the Court of Appeals remanding the instant case to this court for further proceedings. 2 Cir., 1957, 247 F.2d 940. The opinion of the Court of Appeals directs me to pass upon the Master's findings as to (1) whether the "323 [patent] is invalid for substantially the same reasons that 710 was invalidated" and (2) whether "Tidewater was a mere alter ego of Sales Affiliates." By this motion defendant seeks among other things to have additional testimony taken on the latter issue in order to bring the record up to date.

As I read the decision of the Court of Appeals, the question of alter ego is to be confined to the findings before the Court of Appeals and the record before the Master upon which such findings were grounded. The purpose of the instant request is to have the court consider factors bearing on this issue which occurred subsequent to the filing of the Master's Report. To sanction such an inquiry would be to ignore the clear language of the Court of Appeals which directed me to determine whether "Tidewater *was* a mere alter ego of Sales Affiliates." The use of the past tense was not unintentional. The Court of Appeals realized that certain of the factors which led the Master to conclude that Tidewater was being controlled by the defendant could easily be altered by the defendant. One such factor was that both Tidewater and the defendant was being represented by the same patent attorney. 1956 Master's Report 22. Since the decision of the Court of Appeals, the defendant has retained new counsel who now seeks to have the issue of Tidewater's status returned to the Master for consideration of developments subsequent to his Report. This procedure could endlessly delay determination of the motion—there can always be some "new developments" regarding Tidewater's status. The Court of Appeals in reciting the history of the lengthy and expensive litigation in connection with the instant dispute was con-

scious of the need for finally terminating these proceedings. Accordingly it properly froze the issue as of the time of the Master's Report. See Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 287 F. 100 certiorari denied 1923, 262 U.S. 755, 43 S.Ct. 703, 67 L.Ed. 1217.

It is apparent that the Court of Appeals left me no alternative in the matter of hearings for the purpose of taking additional evidence on this question.

The motion to take additional testimony is denied. So ordered.