In the Matter of ARMSTRONG FREIGHT LINES, INC., Bankrupt.

No. 369.

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Feb. 27, 1964.

C. B. Small, Elizabeth City, N. C., William N. Stovall, Suffolk, Va., William C. Worthington, Worthington, White & Harper, Norfolk, Va., for J. H. W. Small, Trustee in Bankruptcy.

LeRoy, Wells & Shaw, Elizabeth City, N. C., for Samuel U. Williams, Claimant.

LARKINS, District Judge.

In 1958, a voluntary petition in bankruptcy was filed on behalf of Armstrong Freight Lines, Inc. Samuel U. Williams filed a formal proof of claim as a secured creditor of the bankrupt in the amount of $60,000. Objections to Williams' claim were filed by other creditors and a hearing thereon was conducted by the Referee in Bankruptcy. On August 17, 1961, the Referee entered an Order allowing the claim of Williams as a secured claim. That Order also taxed Williams " * * * with the cost of administration of this estate in the same percentage as that which the proceeds in the hands of the Trustee subject to his claim bears to the total estate."

Pursuant to the Referee's Order, the Trustee in Bankruptcy and certain unsecured creditors filed petitions for review in the District Court. The court heard oral argument and considered briefs. On May 29, 1962, an Order was entered affirming in full the Referee's decision. Appeal was taken to the United States Court of Appeals for the Fourth Circuit challenging the decision that Williams' claim was a secured one and that the payment of $4,900. to Williams on the eve of bankruptcy was not a preferential treatment. These were the only issues presented on appeal. See J. H. W. Small, Trustee in Bankruptcy v. Williams, 313 F.2d 39 (4th C.C.A. 1963). The appellate court affirmed the judgment allowing Williams a secured claim, but reversed the judgment allowing the $4,900. payment to Williams and held it to be preferential. The case was remanded to this court for further proceedings consistent with the opinion.

Following remand, the Referee in Bankruptcy entered an Order, on September 16, 1963, for the payment of the secured claim of Samuel U. Williams and ordered Williams to pay to the Trustee the two preferences with interest he had received, and, at the same time ordered Williams to be " * * * taxed with that part of the cost of administration which is attributable to the liquidation and administration of the property securing his claim in the amount of $2,000." The Trustee in Bankruptcy has filed a petition in this court for review of the Referee's decision to reduce Williams' part of the cost of administration to a fixed amount of $2,000. The Trustee's contention is that the Referee had no power to alter his Order of August 17, 1961, which has been appealed and affirmed in part.

The question before this court, as certified by the Referee, is:

Whether or not the Referee in Bankruptcy committed an error in entering the Order dated September 16, 1963, in that he taxed Samuel U. Williams with cost in the amount of $2,000. when the Referee had previously entered an Order on August 17, 1961 taxing Samuel U. Williams with cost in the same percentage as that which the proceeds in the hands of the Trustee subject to his claim bears to the total estate.

CONCLUSIONS OF LAW

A main point in the consideration of the question presented is that the United States Court of Appeals for the Fourth Circuit did not have before it the matter of costs as assessed by the Referee. The question was not raised on appeal and there is nothing within the court's opinion which reflects a consideration of the costs of administration as taxed by the Referee in Bankruptcy against claimant Williams. On remand, the Referee de-

cided that the equities of the case necessitated a reduction in the amount of cost taxed against Williams. A fixed sum of $2,000. was set.

Support authority for the Referee's action is found in Collier on Bankruptcy (14th Edition) § 25.42, page 997:

"But the general rule that the trial court, on return of the mandate, may not disturb provisions of its original judgment, except as directed by the mandate, does not rigidly apply to costs; subject, of course, to the proposition that insofar as the mandate deals with costs it is controlling.

"Though a mandate is completely controlling as to all matters within its compass, on remand the lower court is free to determine any matter which was not expressly or impliedly disposed of on appeal."

And from § 39.17 of the same edition, at page 1480, this comment is made: " * * * it is now pretty clearly established that the Referee has the same power to reconsider or vacate his own orders as the district judge has over his orders; * * * " See also Castaner v. Mora, 234 F.2d 710 (1st C.C.A.1956).

In Eagle Transport Company v. United States, 2 Cir., 111 F.2d 451, certiorari denied 310 U.S. 641, 60 S.Ct. 1088, 84 L.Ed. 1409 (1939), the Court stated:

"In general the trial court on return of mandate may not disturb the provisions of its original judgment, save to the extent directed by the mandate. The matter of costs is an exception. After reversal or modification in equity and admiralty the district court still has discretion as to the award of costs in that court, unless the opinion or the mandate of the appellate court gives instructions in respect to such costs. * * * Here the opinion and the mandate of this court were silent on costs in the trial court. It follows that the district court had discretion to cut down the costs theretofore allowed in that court."

In Lambros Seaplane Base, Inc. v. M/S BATORY, 125 F.Supp. 23 (S.D.N.Y. 1934), Judge Kaufman wrote:

"There is clear and unbroken authority in this Circuit holding that unless directed otherwise by the appellate court mandate, the District Court may award or modify a previous order of costs. There is no distinction, as libelant suggests, based upon whether the higher court affirms, modifies, reverses or dismisses the libel. In all cases the lower court may award costs on the final decree after the mandate is issued by the appellate court."

In Re Northern Indiana Oil Company, 192 F.2d 139 (7th C.C.A.1951) held that:

"In equity, however, the awarding of costs depends largely upon the facts and circumstances of each particular case and rests within the discretion of the court. 7 R.C.L., 783–784. Unless otherwise provided by statute or rules of court, costs in equity do not always follow the outcome of the suit; they rest in the sound discretion of the court according to the justice of the cause or the facts and circumstances of the particular case (14 Am.Jr. 16). * * * A bankruptcy court is a court of equity within this rule."

Considering this line of authority and applying it to the facts of this case, this court is of the opinion that the Referee in Bankruptcy possesses the discretionary power to alter the amount of cost taxed against a claimant where that issue was not brought before the appellate court and where the judgment of the District Court was reversed in part and remanded for further proceedings. Barring a clear abuse, the Referee's discretion and judgment, if free from error of law and sufficiently supported by evidence, is entitled to great weight. In Re Valentine, 139 F. Supp. 576 (D.Md.1956).

Here the Referee has invoked his sound discretion based upon the equities of the case. His action is free from errors of law.

Therefore, it is ORDERED that the Order by the Referee in Bankruptcy dated September 16, 1963 be, and the same is hereby affirmed. The Petition for Review is denied.

It is further ORDERED that the Clerk serve a copy of this Opinion and Order upon all counsel of record, and the Trustee and the Referee.