that this information, would be used by Dun & Co. in such a manner as to benefit the credit standing of said defendant Rucker.

The language of the statute is hardly broad enough to include the supposed intention of Rucker, the statute being as follows: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ⁂ ⁂ ⁂ shall, for the purpose of executing such scheme or artifice or attempting so to do, *place, or cause to be placed,* any letter, postal card, package, writing, circular, pamphlet, or advertisement," etc. Section 215, Criminal Code (18 USCA § 338).

█ The gist of the offense as stated in the act is, the scheme or artifice to defraud having been devised, the use of the mails is then resorted to to carry said scheme or artifice into execution. The indictment does not allege that Rucker either placed the matter in the mails or caused it to be placed in the mails, but merely states that it was his intention when he gave the information to Dun that Dun would utilize the substance of the information given Dun by Rucker and send out statements to its various subscribers and that this would benefit Rucker.

The court does not believe that this comes within the requirements of the statute and therefore that the demurrer should be sustained. This same order will apply to both indictments.

It is therefore the order of this court that the demurrers to indictments Nos. 6847 and 6862 be, and the same are hereby, sustained; an exception is awarded the plaintiff.

A. G. Richmond, of Meadville, Pa., referee.

A. H. Kaufman, of Pittsburgh, Pa., for petitioners.

SCHOONMAKER, District Judge.

This case came on to review an order of referee allowing $300 counsel fees to Attorneys A. H. Kaufman and J. Perry Eckles.

These attorneys contend that this allowance is inadequate for the services rendered this estate, in view of the fact that $12,193.-16 was realized from the sale of the assets of the estate. The referee is entirely familiar with the services rendered by these attorneys, and the scale of reasonable attorneys' fees prevailing in his county; and we are of the opinion that we ought not to disturb his findings, unless they are so patently unjust and inadequate as to require the court to make an additional allowance. We cannot so find in the instant case, and will therefore confirm the referee's order.

PER CURIAM.

Now, August 11, 1932, this case came on to be heard on certificate to review an order of the referee fixing the attorney's fees of A. H. Kaufman and J. Perry Eckles.

On due consideration thereof, it is hereby ordered that the referee's order fixing their fees at $300 is hereby confirmed and approved.

In re MELHADO.

No. 16656.

District Court, W. D. Pennsylvania.

Aug. 11, 1932.

THE INDIANA.

No. 13112.

District Court, E. D. New York.

Nov. 9, 1932.