## BUFFALO COLOROGRAPH CORPORATION v. GENERAL PRODUCTS CORPORATION.

### No. 2591.

District Court, W. D. Pennsylvania.
Feb. 18, 1936.

On Rehearing May 14, 1937. ·

Harry Shapera, of Pittsburgh, Pa., for A. S. Guggenheim.

Wendt & Graver, of Pittsburgh, Pa., for receivers.

Ella Graubart, of Pittsburgh, Pa., for V-B Corporation.

Smith, Buchanan, Scott & Ingersoll, of Pittsburgh, Pa., for Ketchum, MacLeod & Grove, Inc.

SCHOONMAKER, District Judge.

Exceptions having been filed to the first and partial account of the receivers by Ketchum, McLeod & Grove, Inc., and V-B Corporation, we referred the matter to a special master to take proofs on the issues arising and as to the parties entitled to distribution of the balance shown by the account, and to ascertain and report a schedule of distribution.

The special master has made and ·filed his report, to which exceptions have been filed by certain of the parties affected thereby, which we shall now take up and consider.

I. Claim of Ketchum, McLeod & Grove, Inc., for $1,000 for services.

This company filed a claim for $1,000, being services rendered to the receivers in the administration of the estate. The special master disallowed the claim. We have reviewed the testimony and are of the

opinion that the special master was clearly right in so doing. We disallow this exception. The special master has so well stated the reasons why this claim is not allowable that we do not care to add anything to what he has said.

## II. Claim of Harry Shapera, $2,127.

■ This claim, except $227.50, was for legal services rendered to the corporation. We have reviewed the evidence and are satisfied that the allowance made by the special master was fair and reasonable. His findings of fact as to the value of these services will not be disturbed, unless patently unjust and inadequate. In re Melhado (D.C.) 1 F.Supp. 591. We cannot so find in the instant case.

As to disallowance of Shapera claim for $227.50, the subject matter of his second exception. This exception is sustained on stipulation of the parties and supplemental report of the special master filed January 31, 1936.

### III. Claim of A. S. Guggenheim for $6,000.

We have reviewed the evidence and findings of fact of the special master as to this claim. We adopt his findings and conclusion that this claim is not allowable, and dismiss his exception to the disallowance of this claim.

### IV. W. S. Combs—Claim of $2,167.60.

Combs filed a wage claim for $2,167.60 for services to December 1, 1931. The master allowed $165 of this item on account of September salary and allotted to V-B Corporation, as assignee of Combs, wages in the sum of $1,402.60, the amount due Combs in salary up to August 1, 1931, and disallowed entirely his claim for wages for October and November, 1931. Combs excepts to this action by the special master.

We again have reviewed the testimony as to this claim and conclude they sustain the findings of the special master. We sustain his action in his report.

### V. Claim of V-B Corporation.

The allowance of this claim to the amount of $1,402.63 covering salary claim assigned by W. S. Combs, and to the amount of $3,058.05 representing salary due Max Po'Chapin, was excepted to by Ketchum, McLeod & Grove, Inc.; the allowance of it generally was excepted to by W. S. Combs and A. S. Guggenheim.

■ We have reviewed the testimony as to this claim, and while we find, with the master, that the assignments of these claims of Combs and Po'Chapin are valid assignments, yet we cannot find, for the period claimed, that either of these parties had any valid claim against the corporation, because of an understanding with the subscribers to the capital stock of the General Products Corporation that there were to be no salaries to officers or organization or promotion expenses, other than legal, for at least the first year. The plan of organization so states. Combs and Po'Chapin had full knowledge of it. Testimony to that effect was given to the Securities Commission of Pennsylvania, which had before it the plan of organization of the corporation with that statement in it when it was submitted in July, 1930, to the commission. We will, therefore, sustain the exceptions to that portion of the claim of the V-B Corporation which represents the assigned salary claims of Combs and Po'Chapin. We dismiss the exceptions as to the balance of the claim.

VI. Finally, as to the exception of the special master in failing to distribute $1,888.48. He was directed by the order of his appointment to withhold from distribution $900, and probably withheld the balance shown to cover possible sustaining by the court of exceptions to his disallowance of certain claims.

We will dismiss this exception and hear the parties interested as to whether the receivers are now in position to file a further or final account, so that an amended schedule of distribution could be prepared covering all funds available for distribution.

An order in accordance with this opinion may be submitted.

### On Rehearing.

### I. A. S. Guggenheim Claim, $6,000.

In an opinion filed February 18, 1936, we disallowed exceptions filed by A. S. Guggenheim to the report of the special master disallowing claim of Guggenheim for $6,000.

The special master disallowed this claim because of an entry on the corporate ledger showing that Guggenheim had released this claim. Guggenheim alleges in his petition for reargument that there was no supporting evidence to justify this book entry.

The court allowed a rehearing on the matter and took further testimony. On this further hearing we now find the facts with reference to this claim to be as follows:

The claimant was a stockholder and a director of defendant corporation. May 29, 1931, the corporation executed a promissory note of $15,000 payable in ninety days, with Guggenheim and Po'Chapin (president of the corporation) as indorsers. This note was then taken by the Potter Title & Trust Company, which issued a certificate of deposit to the defendant corporation for $10,000 and held that certificate as collateral to the $15,000 note along with 1,000 shares of the capital stock of the Pursglove Mining Company issued to one Myrtle Pursglove, who assigned this stock to the trust company as collateral to this note of $15,000. The trust company then credited $5,000 to account of the defendant corporation on its books. On June 23, 1931, the certificate of deposit of $10,000 was surrendered to the bank and canceled; a new certificate of deposit for $9,000 was issued and held by the trust company as collateral to the note of $5,000; and $1,000 was deposited to the credit of the defendant on the trust company's book.

On August 5, 1931, the certificate of deposit of $9,000 was canceled and the note of $15,000 was turned over to Guggenheim and Po'Chapin along with the Pursglove stock, whereupon Guggenheim and Po'Chapin executed and delivered their own note to the trust company for $6,000. The books of the defendant corporation under date of August 4, 1931, show the issuance of 600 shares of its capital stock to Myrtle Pursglove of the value of $6,000, of which amount $600 represents the par value and $5,400 paid-in surplus, with a notation that $5,000 thereof is "to offset A. Guggenheim note from which General Products Corporation has been released," and an additional $1,000 "to offset a loan from A. Guggenheim to M. Po'Chapin, which is in addition to the $5,000, as recorded above." This entry was made on the books of the Company by the bookkeeper under the direction of M. Po'Chapin, the president of defendant corporation. At this time Guggenheim was not in Pittsburgh.

Our conclusion is that, in view of this entry and in view of the fact that Guggenheim signed the new note as a maker, this indicates that it was his intention to release the defendant corporation from this note. He must have known about the transaction or he would not have executed the new note for $6,000 as a maker instead of as an indorser.

We are still of the same conclusion as expressed in our original opinion herein.

## II. V-B Corporation.

We granted a reargument to this claim on its exceptions to the special master's report, and have carefully considered this matter again; we arrive at the same conclusion that we did in our original opinion. We do not care to add anything to what we then said.

The exceptions of the V-B Corporation will be disallowed.