880

## EXCEL AUTO RADIATOR CO. v. BISHOP & BABCOCK MFG. CO.

Clv. No. 23354.

United States District Court
N. D. Ohio, E. D.

Sept. 22, 1949.

A. J. Hudson, Cleveland, Ohio, for plaintiff.

Brown, Jackson, Boettcher & Dienner, Chicago, Ill., John T. Scott, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This was an action for a declaratory judgment as to certain patents. On June 10, 1947, this Court entered judgment for defendant, except as to one claim of the patent owned by defendant which was held to be invalid. The judgment also awarded defendant damages on its counterclaim "together with costs, interest and reasonable attorneys' fees."

Plaintiff appealed the case and on March 3, 1948, the Court of Appeals, 6 Cir., 167 F.2d 962, 968, held that: "The judgment of the District Court is reversed as to claim No. 6 of Mayo Patent 2,322,041. In all other respects the judgment is affirmed."

On October 11, 1948, the Supreme Court, 335 U.S. 823, 69 S.Ct. 46, denied plaintiff's writ of certiorari.

On February 17, 1949, defendant filed a motion "for determination of and judgment for, the defendant's reasonable attorneys' fees." The motion was accompanied by an affidavit of Arthur H. Boettcher, of the law firm which represented defendant in this litigation, setting forth in detail the time spent on the case and concluding that reasonable attorneys' fees amounted to $27,600.00.

The award of attorneys' fees was based upon the provisions of 35 U.S.C.A. § 70: " * * * The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case. * * * "

Plaintiff opposes defendant's motion stating that in view of the "compelling equities" and the partial reversal by the Court of Appeals the requested award is "completely out of order." Plaintiff says that, if an amount must be awarded, it should be the nominal amount of $1.00.

On April 29, 1949, plaintiff filed a motion "for relief from judgment of October 19, 1948."

Plaintiff urges that the judgment be reformed "by deleting from paragraph 5 of the judgment 'reasonable attorneys' fees,' "

on the grounds that under recent decisions and in view of the circumstances of this case, attorneys' fees should not be levied against it. Furthermore, plaintiff says, the provision as to attorneys' fees appeared in the judgment through "mistake and inadvertance" because if the Court had intended to make such provision it would have stated its reasons therefor.

Defendant points out that the judgment of October 19, 1948, contained no provision concerning attorneys' fees but merely entered the judgment of the Court of Appeals as the judgment of the District Court and that the judgment referred to by plaintiff, in fact, is that of June 10, 1947. Defendant's theory of opposition to the motion is stated on page 3 of its brief: "It is conclusively settled that a lower court, upon remand, must carry out the mandate of the reviewing court; that the lower court has no power to rescind, alter or modify the judgment of the reviewing court; and that the lower court must proceed with the execution of the judgment of the reviewing court, and do nothing more."

Disposition first will be made of plaintiff's motion for relief from judgment.

■ Defendant asserts, and plaintiff does not deny, that after the ruling of the Court of Appeals on May 3, 1948, plaintiff filed a motion for a rehearing before the court urging, among other things, that the District Court's allowance· of attorneys' fees to defendant was erroneous. (The text of plaintiff's argument before the Court is quoted on page 2 of defendant's brief opposing plaintiff's motion.) As a result of the rehearing, the Court of Appeals reversed the ruling of the District Court as to claim 6 of the Mayo patent but affirmed the judgment of the District Court in all other respects. Thus it appears that plaintiff specifically urged the Court of Appeals to reverse the District Court on the question of attorneys' fees but that the Court of Appeals made no such ruling.

Plaintiff cites one case, The Pocahontas, 2 Cir., 111 F.2d 451, 452, wherein it was held that upon reversal or modification by an appellate court: "the district court still has discretion as to the award of costs in that court, unless the opinion or the mandate of the appellate court gives instructions in respect to such costs."

In that case the costs which had been assessed by the lower court, prior to appeal, at $2,095.21, were reduced to $1,047.60 by that court after the appellate court had reduced the damages awarded from $58,000 to $26,000. The Pocahontas decision is not applicable here, however, inasmuch as costs and attorneys' fees are not synonymous terms and in the instant case the District Court had not determined the amount of the attorneys' fees to be awarded prior to appeal.

Plaintiff urges that claim 6 of the Mayo patent, upon which the Court of Appeals ruled in plaintiff's favor, was such a "broad and basic claim" that it would be inequitable to allow the award of attorneys' fees to defendant to stand. As the judgment now stands, defendant's patent is held valid and infringed by plaintiff as to all of its thirteen claims except Nos. 6 and 11.

There is no basis, however, either in equity or under the cases cited, for striking the award of reasonable attorneys' fees. The question was presented to the Court of Appeals and it made no order or finding inconsistent with the award by the District Court. This Court is thus bound to fix such reasonable attorneys' fees. If plaintiff is dissatisfied with the award it may, of course, be appealed.

Plaintiff's motion for relief from judgment will be overruled.

■ In view of the fact that two of the claims of the defendant's patent were found invalid and not infringed, defendant should not be awarded full attorneys' fees, but some effort should be made to base the award upon the relative importance of the claims which were held valid. As long as the matter of the amount of damages is to be submitted to a Master of this Court, as provided in paragraph 5 of the judgment, he also will be assigned to determine and recommend what should be the amount of reasonable attorneys' fees. Until such time, the Court will defer ruling upon defendant's motion.