**EXCEL AUTO RADIATOR CO.**
v.
**BISHOP & BABCOCK MFG. CO.**
Civ. No. 23354.

United States District Court
N. D. Ohio, E. D.
Jan. 29, 1953.

On Motion for Reconsideration
March 6, 1953.

A. J. Hudson, Cleveland, Ohio, for plaintiff.

Brown, Jackson, Boettcher & Dienner, Chicago, Ill., John T. Scott, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

One of the principal bases for reference on accounting in patent cases is to relieve the Court of the burden of this additional procedure required after trial, decision and review. The Court can find no ground for granting additional oral argument where, as here, the Master, after oral argument and consideration of briefs, has carefully, fully and lucidly reported his reasons for the recommendations made on every question involved. All objections or exceptions thereto made by each of the parties have been considered and, as I think, with what is to follow, adequate time and attention has been devoted to this litigation.

The Master properly denied the motion to dismiss. The charge of fraud is not supported by the evidence. The testimony of the witnesses Thompson and Mayo rebuts the charge, and the Master was justified in relying upon their testimony.

The Master's determination of the royalty rate was based primarily on the testimony of the expert witnesses Olsen and Hill and not upon any attempted fictitious license. No fraud was practiced upon the Master or the Court. There is substantial evidence to support the Master's finding as to a reasonable rate of royalty, based upon 7% of the net sales receipts. His finding is based upon valid considerations, i. e., importance and usefulness of the patent, type of infringing sales, etc. The Master was justified in relying upon the testimony of qualified experts in that respect.

The award of reasonable attorney's fees no longer may be challenged. See judgment of this Court entered June 10, 1947, affirmed May 3, 1948 by the Court of Appeals; Petition for Rehearing denied, 6 Cir., 167 F.2d 962. The question was again reconsidered by this Court and the award sustained on September 23, 1949, 86 F.Supp. 880.

The defendant objects to the Master's report in that he should have determined the plaintiff's net sales of infringing heaters aggregated not less than $419,-

415.64 and that defendant's general damages are not less than $29,359.09 (being 7% of $419,415.64). Review of the Master's report in this respect results in adhering to his finding on the net sales receipts and the consequent figure of $28,-314.60 as damages.

■ Also, I think that the Master rightly denied increased damages and has buttressed his finding in that respect upon several authoritative cases. He thought the charge of fraudulent intent, imputed to the plaintiff, too serious a charge to uphold without stronger proofs and especially where suggested wrongful conduct might be reasonably consistent with innocent confusion and honest mistake. I think the record supports the Master's finding that no bad faith on the part of the plaintiff is established by the proofs.

■ A matter which gave the Master concern was the time from which interest should be computed. I think interest at 6% from the date of this Court's final judgment confirming the Master's report should be allowed. Not before then will damages have been ascertained, awarded and reduced to judgment. This determination is, I believe, consistent with the general run of authorities on that question in the case of unliquidated damages.

The Court is satisfied that the Master's recommendations adequately respond to the questions of law and fact presented in this accounting and proper to be considered by him. His report, therefore, will be approved and confirmed.

■ As to the matter of costs, it is my opinion that they should be borne by the plaintiff as the losing party. The Master's fees and expenses as applied for seem reasonable and they will be allowed as part of the costs to be assessed against the plaintiff, this includes costs of the Indianapolis deposition proceeding which, as I think, was a side trip chargeable to the plaintiff.

A final order may be prepared and presented carrying into effect the determination above made.

On Motion for Reconsideration

The motion by the plaintiff for reconsideration of the award of reasonable attorney's fees to defendant has been carefully considered. It will be denied.

As stated in the Court's memorandum opinion of January 29, 1953, this question long has been foreclosed. The award was approved by the Court of Appeals by its affirmance of the original judgment on May 3, 1948. This Court reconsidered and sustained the award on September 23, 1949. Certainly, plaintiff has had full opportunity to be heard upon the question.

■ The Act of July 19, 1952, 66 Stat. 792 et seq., 35 U.S.C.A. § 1 et seq., does not affect decision upon the question. The award falls within the purview of the saving clause in Section 5 of the Act, 35 U.S.C.A. note preceding section 1. Section 5 provides that any rights or liabilities existing under sections of revised statutes repealed, R.S. § 4921 [1] in this instance, shall not be affected by the repeal. Plaintiff's liability for attorney's fees in this case became fixed at the time of the Court's original judgment and its affirmance.

Motion denied.

1. Now 35 U.S.C.A. §§ 283-286, 290.