## INDIVIDUAL DRINKING CUP CO. v. PUBLIC SERVICE CUP CO.

(Circuit Court of Appeals, Second Circuit. December 8, 1919.)

### No. 147.

1. APPEAL AND ERROR ⊜⇒1216—MOTION IN APPELLATE COURT TO STRIKE OUT PROVISION OF JUDGMENT NOT CONFORMING TO MANDATE SUSTAINED.

Where complainant contended that a provision of the decree entered pursuant to a mandate of the appellate court was erroneous, the proper practice would be for complainant to appeal from the order denying its motion to strike the provision out of the decree; but where complainant made a motion in the appellate court to strike the same pursuant to suggestions of the trial judge, etc., the appellate court will act thereon.

2. APPEAL AND ERROR ⊜⇒719(5)—APPELLATE COURT HAS NO JURISDICTION TO DETERMINE MATTER NOT ASSIGNED AS ERROR.

In an infringement suit, where the trial judge refused to permit testimony to be taken before the master as to a particular device, without prejudice to an application for relief in a new suit, and plaintiff appealed from the final decree, but failed to assign the order as error, the matter was not before the appellate court, and could not be determined.

3. PATENTS ⊜⇒327—PREVIOUS JUDGMENT CONCLUSIVE WHERE PARTIES WERE REALLY THE SAME, THOUGH FORMALLY DIFFERENT.

Where parties to a previous suit for infringement of patent were really the same, though formally different, the judgment in that suit is a conclusive adjudication.

Appeal from the District Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Action by the Individual Drinking Cup Company against the Public Service Cup Company. After decree and appeal, complainant applied to strike out a certain clause from the decree of the court below (261 Fed. 555). Insertion of clause held error.

See, also, 226 Fed. 465; 234 Fed. 653; 237 Fed. 400.

Dunn, Goodlett, Massie & Scott, of New York City (Clifford E. Dunn, of New York City, of counsel), for Individual Drinking Cup Co.

Briesen & Schrenk, of New York City (Hans v. Briesen, of New York City, of counsel), for Public Service Commission.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

PER CURIAM. [1] The proper practice would be for the plaintiff to appeal from an order to be entered by Judge Chatfield in accordance with his opinion dated October 20, 1919, denying its motion to strike out from the decree of June 15, 1918, entered under our mandate of May 27, 1918, the provision as to the defendant's free dispenser, Plaintiff's Exhibit Push Button Bracket. As, however, he has held up the matter, suggesting an application to this court, and both parties, in order to avoid the delay and expense of an appeal, prefer this course to be taken, we will state what we meant by our said mandate.

[2] Judge Chatfield by an order dated July 14, 1916, refused to permit testimony to be taken before the master as to this free dispenser without prejudice to an application for relief in a new suit. The plaintiff appealed, but, not having assigned error as to this order, the subject of the free dispenser was not before us in this suit. We had, therefore, no jurisdiction whatever to pass upon it, did not intend to do so, or to cover it by our mandate, and the clause in question should

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not have been inserted in the decree of the court below entered there-under.

[3] If, as the defendant alleges, the parties to the suit of Individual Drinking Cup Company v. Erret, in the Southern district, in which we held the free dispenser not to be an infringement (250 Fed. 620, 162 C. C. A. 636), are, though formally different, really the same as the parties to the suit in the Eastern district, the question is res adjudicata between them in any new suit the plaintiff may bring.