### EPSTEIN v. GOLDSTEIN et al.
#### No. 35.

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

David Haar, of New York City, for plaintiff.

Robert P. Levis, of New York City, for defendant.

748

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

■ This case was decided in November 1939. The opinion is reported in 2 Cir., 107 F.2d 755, 759. It concluded as follows: "The cause is remanded with directions to modify the judgment in conformity with this opinion. No costs are awarded to either party." Thereafter the mandate of this court was filed in the district court but no judgment has been entered thereon. By the present motion the parties ask us to state what the mandate means. This is a proper method of obtaining a clarification of the mandate, if clarification is necessary. Individual Drinking Cup Co. v. Public Service Cup Co., 2 Cir., 262 F. 410.

■ In certain respects our opinion reversed findings of fact made by the district judge. One question posed by the present motion is whether Rule 52, F.R.C. P., 28 U.S.C.A. following section 723c, requires the judgment to be entered on the mandate to embody the facts as found in our opinion. This is a matter for the district judge to determine. The meaning of Rule 52 was not an issue on the appeal. Our mandate deals with the substance, not with the form of the judgment to be entered, and we do not regard it our function on a motion such as this to give an advisory opinion as to the form of the judgment.

■ A second question relates to the judgment to be entered in respect to the gift of an automobile which we held should be set aside. The record on appeal disclosed that the car had a value at the date of transfer of $650 and a value of $225 when the suit was brought to set the transfer aside; it did not disclose that Mrs. Goldstein had disposed of the car, as the motion papers now indicate to be the fact. The only issue on appeal was whether the transfer should be set aside. We held it should be. Whether this would result in a judgment merely directing a return of the car, or in a judgment directing its return with an accounting for depreciation in value through the transferee's use, or in a money judgment for its value at the date of transfer or at the date of suit are questions that were not argued on the appeal and have never been decided by the trial judge. He must decide them. They are not properly before this court on this motion.

■ The third question is of a character similar to the second. The motion papers disclose that during the pendency of the appeal the stock in the brokerage account was sold and the account closed. A dispute has arisen as to whether all or only part of the resulting proceeds belong to Mrs. Goldstein. No such question was or could have been presented on the appeal. The trial judge must decide it without an advisory opinion by us.

■ Finally, question is raised as to the meaning of "No costs are awarded to either party." Obviously this relates only to appellate court costs. The district court costs were not an issue.

Neither the opinion nor the mandate needs clarification as to any of the matters involved in this motion. The motion is denied.