14-862-cv
Midamines SPRL Ltd. v. KBC Bank NV

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
    *Circuit Judges*.

-----------------------------------------------------------------------

MIDAMINES SPRL LTD., HASSAN A. ABBAS,
    *Plaintiffs-Appellants*,

   v.             No. 14-862-cv

KBC BANK NV,
    *Defendant-Appellee*,

ANTWERP DIAMANTSE BANK NV,
    *Defendant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS: HASSAN A. ABBAS, ESQ., Hanover Park, Illinois.

APPEARING FOR APPELLEE: KATHERINE MACO (Peter A. Bicks, Richard A. Martin, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 25, 2014, is AFFIRMED.

Plaintiffs Midamines SPRL Ltd. ("Midamines Illinois") and Hassan A. Abbas, an attorney proceeding pro se and on behalf of Midamines Illinois, sued defendants KBC Bank NV ("KBC") and its subsidiary Antwerp Diamantse Bank ("ADB") under federal and state law for wrongfully dishonoring bank checks, unjust enrichment, fraud and conspiracy to commit fraud, money laundering, and racketeering. Plaintiffs now appeal —solely against KBC—from the dismissal of their complaint on the ground of forum non conveniens based on the district court's enforcement of a mandatory forum selection clause requiring their claims to be litigated in Belgium.[1] We review a forum non conveniens dismissal based on a forum selection clause de novo, except for any underlying factual findings, which we review for clear error. See Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Enforceability of the Forum Selection Clause

This case concerns bank accounts opened and maintained by Midamines SPRL ("Midamines Congo"), a Congolese mining company, at ADB, a Belgian bank. Plaintiffs

---

[1] Plaintiffs initially appealed the judgment in favor of ADB as well, but on July 16, 2014, ADB was dismissed based upon plaintiffs' professed intention, in their brief and elsewhere, not to pursue any arguments against ADB on appeal.

argue that the district court erred in enforcing here the forum selection clause contained in the banking agreement Midamines Congo signed with ADB. First, plaintiffs assert that because they are not pursuing an appeal against ADB, KBC cannot itself enforce the forum selection clause Midamines Congo signed with ADB. Second, plaintiffs maintain that the clause does not apply to the claims and parties in this case, and that it is unenforceable as against public policy.

Plaintiffs' first argument merits little discussion. As the district court recognized, plaintiffs never argued in that court that KBC cannot enforce the forum selection clause because it is not a signatory to the agreement in which the clause is contained. See Midamines SPRL Ltd. v. KBC Bank NV, No. 12 Civ. 8089 (RJS), 2014 WL 1116875, at *5 n.9 (S.D.N.Y. Mar. 18, 2014). Accordingly, that argument is forfeited. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008) (noting that "appellate court will not consider an issue raised for the first time on appeal" (internal quotation marks omitted)). In any event, KBC can enforce the forum selection clause because KBC and ADB are closely related entities and plaintiffs' claims against KBC arise out of the same transaction. See Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 723 (2d Cir. 2013) (holding "closely related" non-signatory may enforce forum selection clause against signatory where enforcement is foreseeable); see also Horvath v. Banco Comercial Portugues, S.A., 461 F. App'x 61, 63 (2d Cir. 2012) (summary order) (recognizing principle that "a forum selection clause in a contract encompasses claims made against a non-signatory where (1) those claims are 'nearly

3

identical to' the claims against the signatory, (2) 'arise out of' the same transaction as those claims, and (3) the non-signatory consents to the foreign jurisdiction").

We review plaintiffs' enforceability challenge by reference to the four-factor inquiry articulated in Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007), under which a forum selection clause is presumptively enforceable where (1) it was "reasonably communicated to the party resisting enforcement," (2) it is "mandatory," and (3) "the claims and parties involved in the suit are subject to the forum selection clause." Id. at 383–84. This presumption of enforceability can only be rebutted by the fourth factor: (4) a showing that enforcement would be "unreasonable or unjust," or that the clause was "invalid for such reasons as fraud or overreaching." Id. at 384 (internal quotation marks omitted). Plaintiffs only seriously dispute the third and fourth Phillips factors.[2] With respect to the third factor, we identify no error in the district court's findings that (1) the bank checks at issue (a) were obtained by Abbas only as a result of his seeking and obtaining a proxy to act on behalf of Midamines Congo, (b) represent the outstanding balances of certain Midamines Congo accounts at ADB, and (c) are payable to the order of Midamines Congo, which expressly agreed to be bound by the forum selection clause as a condition of its banking relationship with ADB; and (2) insofar as plaintiffs claim they are mere holders in due course of the bank checks, they nevertheless are bound by the forum selection clause, which expressly applies to "relevant third parties."

---

[2] In their reply brief, plaintiffs also claim that the district court erred in holding the first two Phillips factors satisfied. We decline to consider these arguments. See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009) (observing that we ordinarily do not consider issues raised for first time in reply brief). In any event, for the reasons articulated by the district court, they are without merit.

4

Accordingly, we conclude, as the district court did, that the third Phillips factor is met. As for the fourth factor, plaintiffs do not argue that the forum selection clause was procured by fraud. Instead they contend, for the first time on appeal, that application of the clause would be unjust as contrary to the New York Uniform Commercial Code and New York public policy. We decline to consider these arguments for the first time on appeal. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d at 132. Even if we were to do so, however, they are insufficient for plaintiffs to satisfy the "heavy burden" of showing that "it would be unfair, unjust, or unreasonable" to hold plaintiffs to their contract. Martinez v. Bloomberg LP, 740 F.3d at 219 (internal quotation marks omitted).

Accordingly, we conclude that the district court correctly dismissed this case pursuant to the parties' mandatory forum selection clause.

2.      Motion for Judicial Notice

We deny plaintiffs' motion to take judicial notice on appeal of certain documents, as the proposed news items are generally irrelevant. See United States v. Bleznak, 153 F.3d 16, 21 n.2 (2d Cir. 1998) (declining to judicially notice matters "not relevant to [the] disposition of [the] appeal"). As for items related to proceedings in the Congo—which all date from before the appealed judgment—these were not presented to the district court, and plaintiffs have failed to demonstrate extraordinary circumstances warranting their consideration on appeal. See IBM Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record.").

3.    Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court