16-1048-cv (L)
Midamines SPRL Ltd. v. KBC Bank N.V.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand seventeen.

PRESENT: DENNIS JACOBS,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

**Midamines SPRL Ltd., Hassan A. Abbas,**
       **Appellants,**

       **-v.-**                       16-1048 (L)
                             16-3427 (Con)

**KBC Bank N.V., Antwerp Diamantse Bank NV,**
       **Appellees.**
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**           Hassan A. Abbas, Hanover Park, Illinois.

**FOR APPELLEES:**           Alvin Lee (Peter A. Bicks, Kelly M. Daley, on the brief), Orrick Herrington & Sutcliffe LLP, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Hassan A. Abbas and his alter ego entity Midamines SPRL Ltd. ("Midamines") appeal from the judgment of the United States District Court for the Southern District of New York denying leave to file a declaratory judgment action and sanctioning them in the amount of $75,722.50. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The dispute between the appellants and KBC Bank N.V. ("KBC") has been before this court before. In brief, Abbas sued in 2012 to recover funds allegedly due to Midamines from KBC, a Belgian bank headquartered in Brussels. Since the appellants were required to adjudicate any dispute arising in connection with the Midamines' accounts in Belgium, the court dismissed on the ground of *forum non conveniens* in 2013. Midamines SPRL Ltd. v. KBC Bank NV, 2014 WL 1116875 (S.D.N.Y. Mar. 18, 2014), aff'd 601 F. App'x 43 (2d Cir. 2015)(summary order). Abbas has since continued to pursue his underlying grievances with the appellees and their counsel through vexatious and duplicative motion practice. This appeal concerns two narrow issues arising from this pattern of frivolous conduct: (1) whether the district court's calculation of attorneys' fees for sanctions imposed against Abbas was reasonable; and (2) whether Abbas and his alter egos are barred by a filing injunction from pursuing their rehashed allegations in a new declaratory judgment action.

The sanctions award followed a motion to disqualify appellees' counsel, Orrick, Herrington & Sutcliffe LLP ("Orrick"), filed by Abbas after his claims were dismissed. That motion intentionally disclosed the content of a privileged communication between an Orrick attorney and KBC. Since Abbas' motion was intended only to harass opposing counsel, and precipitated months of unnecessary litigation, we granted the appellants' request for attorneys' fees and costs, and remanded to the district

2

court solely to determine whether the amount requested was reasonable.[1]

The district court approved $75,722.50 as a reasonable sanction for Abbas' frivolous motion to disqualify the adversary counsel and gratuitous disclosure of privileged communications.  We review "all aspects of a District Court's decision to impose sanctions for abuse of discretion."  United States v. Seltzer, 227 F.3d 36, 39 (2d Cir. 2000)(internal quotation marks omitted).  A district court has "considerable discretion" in determining a reasonable attorneys' fee amount, and its assignment of a "lodestar" figure will result in a "presumptively reasonable fee."  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).

The district court did not abuse its discretion in determining that the requested amount of $75,722.50 reflected reasonable fees and costs.  Applying the lodestar method, it found that Orrick's average rate of $379 per hour and stated total of 197.9 hours billed were reasonable for the work performed.  See id. at 184.  The court noted that $379 per hour was actually a "substantial reduction," and in line with or below rates for Orrick attorneys approved by other courts.  See Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10-cv-1853 (PGG), 2011 WL 1002439, at *5 (S.D.N.Y. Mar. 16, 2011).  Orrick's rate was likewise consistent with those regularly approved in the Southern District.  See id. at *6 (in determining what rates are reasonable, a court may look to comparable rates charged by lawyers in its district).

Judge Sullivan also found that 197.9 billed hours was reasonable.  Orrick submitted detailed billing records to support KBC's total request, specifying the attorney, date,

---

[1] In that order, we admonished appellants for "hav[ing] filed a number of frivolous motions in this appeal, including their June 8, 2014 motion to disqualify and some of the present motions.  Accordingly, appellants are hereby warned that the continued filing of duplicative, vexatious, or clearly meritless motions or other papers will result in the imposition of sanctions."  J. App'x at 39.

hours, and nature of the work done.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (placing burden on the claimant to submit evidence of hours worked and rates claimed to justify attorneys' fees); N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1141 (2d Cir. 1983).  These records show hours billed for responding to the motion to disqualify, filing a motion to seal privileged documents exposed by the appellants, proposing redactions to protect privileged material, and preparing for the appellants' subsequent motion for reconsideration-- all necessitated by the appellants' frivolous litigation strategy.  The lodestar calculation of the hours billed multiplied by the blended rate is therefore presumptively reasonable.  Abbas offers no authority for his bare allegations that Orrick was inefficient or duplicative.[2]

Abbas separately challenges the district court's ruling enjoining him from filing a declaratory judgment action in aid of his claim to possession of the funds allegedly held by KBC.  After being ordered to pay attorneys' fees, Abbas filed another frivolous lawsuit against Orrick alleging tortious interference.  Hassan A. Abbas, Esq. v. Orrick, Herrington & Sutcliffe LLP, No. 15-cv-01545 (RJS), 2016 WL 1071033 (S.D.N.Y.).  The district court dismissed the complaint, noting that it "does not come close to satisfying the standard for a tortious interference claim" but "[r]ather, it seemed designed, like many of [Abbas'] previous motions in the Midamines Action, to prolong litigation and to continue to harass Orrick based on the firm's representation of [KBC]."  Id. at *6.  Judge Sullivan then entered an order enjoining Abbas from "making any future filings in this Court in this case or in any action involving the allegations set forth in the related Midamines Action" without leave.  Id.  When Abbas sought leave to file the declaratory judgment asserting possession of the disputed bank funds in his original action, the district court denied the request:  "Plaintiff Abbas's contemplated declaratory judgment action is clearly an

---

[2] Abbas devotes the majority of his brief to revisiting already-resolved questions in prior litigation, including whether sanctions were proper and the dismissal of his underlying claims.  These issues are not properly before the court on appeal, and we decline to respond to them.

4

attempt to relitigate the same issues raised in the Complaint in this action relating to the alleged improperly stopped payments on Plaintiff Abbas's checks." Supp. App. at 42.

The district court did not abuse its discretion in enforcing its own injunction. See Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995)(per curiam). It is the duty and power of district courts to enforce filing injunctions against plaintiffs that "abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" litigation. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). Abbas seeks a judgment that he is entitled to bank funds allegedly held by KBC, which is, in effect, an evasion of this court's previous rulings that he must pursue these claims in Belgium. See Midamines SPRL Ltd., 601 F. App'x at 43, 45-46. The motion is squarely within the prohibition of the district court's filing injunction, and would be immediately dismissed for *forum non conveniens* if allowed to proceed. Beyond preserving judicial resources and preventing harassment of the appellees and their counsel, the purpose of the injunction is precisely to avoid deliberating further on matters that we have already deemed unsuitable and unresolvable in this forum.

The majority of the appellants' brief seems to be a collateral attack on the injunction itself, rather than an appeal of the district court's ruling on the leave to file an additional action. To the extent the appellants seek here to challenge the propriety of the filing injunction, we lack jurisdiction to review it, and we reject any effort to litigate or resolve additional issues not properly before this court. See United States v. Martinez-Carcano, 557 F.2d 966, 969 (2d Cir. 1977); Epstein v. Goldstein, 110 F.2d 747, 748 (2d Cir. 1940)(per curiam).

For the foregoing reasons, and finding no merit in Abbas' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5